BARKDULL, Judge,
dissenting.
I respectfully dissent. The trial judge dismissed a criminal prosecution because of improper conduct on the part of law enforcement officers and a paid informant. One Woosley was arrested by the Opa-Loc-ka police for a series of burglaries. In exchange for getting these charges dropped, he offered to make drug cases against other persons. The Public Safety Department was contacted; two police officers interviewed Woosley and took him on as a paid informant if he proved useful. Subsequent to this employment, the confidential informant arranged a meeting be *710 tween the Public Safety Department officers and the defendant Eshuk. As a result of the buy in the Eshuk transaction, the confidential informant proved his credibility to the officers, and he then commenced to make other cases for which he was paid $50.00 each.
I recognize that confidential informants may be used and paid for information relating to a crime already committed; however, I think it would be a grievous error to encourage the payment of confidential informants on a contingent basis for acts they are to arrange in the future and, therefore, I would affirm the action of the trial judge. See: Williamson v. United States, 311 F.2d 441 (5th Cir. 1962).